[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15560

Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-21636-CV-AJ

LUCE FRAZILE,

Plaintiff-Appellant,

versus

EMC MORTGAGE CORPORATION,
a Foreign corporation,
FREMONT REORGANIZING CORPORATION,
a foreign corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2010)

Before BIRCH, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luce Frazile brought this action against EMC Mortgage Corporation ("EMC") and Fremont Reorganizing Corporation ("Fremont"). She alleges that in executing and servicing her mortgage loan the defendants misrepresented the true nature of her obligations and violated various federal loan processing requirements. The district court granted the defendants' motions to dismiss. This appeal followed. For reasons we will discuss, we affirm in part, reverse in part, and remand to the district court.

**I.**

Accepting the factual allegations of the complaint as true and construing them in the light most favorable to Frazile, the relevant facts are as follows. In 2006, a Fremont agent approached Frazile and encouraged her to refinance the home mortgage on her primary residence, which she alone owned. After she refinanced, it quickly became apparent that Frazile could not afford the payments on her newly refinanced mortgage and she turned to Fremont to rework the agreement's terms. On November 16, 2006, Frazile again refinanced her mortgage loan. However, Frazile claims that at closing Fremont never provided her with certain documents, namely a consumer handbook on adjustable rate mortgages,

2

two copies of a notice of right to cancel the mortgage, or a closing package. She further alleges that at some point after closing, EMC was assigned either the mortgage and note, loan servicing responsibility, or some combination of these.

Approximately two years after closing, in November 2008, Frazile attempted to rescind her mortgage loan transaction, a right to which she claimed entitlement under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. In December 2008, Frazile finally received a "less-than-complete copy of the closing package" from EMC. In these documents, her monthly income was misstated as $4,000, well above her actual $1,200 monthly earnings. Under the terms of the mortgage, the required monthly payments actually exceeded her monthly income. According to her complaint, "[t]he cumulative effect of increased monthly mortgage payments, property taxes and insurance premiums was to create an onerous financial burden on Frazile that would seriously jeopardize her ownership of the homestead of sixteen (16) years."

On June 15, 2009, Frazile filed this lawsuit. In addition to three state law claims, she sought relief under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, TILA, and relevant federal regulations. The defendants filed Rule 12(b)(6) motions to dismiss for failure to state a claim. The district court granted the defendants' motions, dismissing with prejudice Frazile's

3

federal claims, declining to exercise supplemental jurisdiction as to her remaining state law claims, and closing the case. Frazile now appeals, challenging only the district court's ruling as to her two federal claims.

## II.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6)." Redland Co. v. Bank of Am. Corp., 568 F.3d 1232, 1234 (11th Cir. 2009). While we accept all allegations of the complaint as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In other words, the plaintiff must "allege[] enough facts to suggest, raise a reasonable expectation of, and render plausible" the claims. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). Furthermore, although the pleading party is not required to "allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)

4

(citation and internal quotation marks omitted).

A.

Count I of the complaint alleged violation of RESPA. In her complaint, Frazile specifically identified only one provision of that statute as the basis for her claims. She asserted that the defendants' statutorily required "good faith estimate" failed to "timely provide [her] with full disclosure regarding the nature and the cost of the loan" including the "amount or range of settlement charges." For this reason, she alleged that the defendants violated 12 U.S.C. § 2604(c).

We have held in the past that "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it." Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997). For this reason, we affirm the district court's conclusion that all claims brought under this provision must fail.

However, the district court went on to liberally construe Frazile's complaint. The court examined Frazile's argument, made in response to the defendants' motions to dismiss, that she had pleaded sufficient facts to give rise to a claim under 12 U.S.C. § 2605. Section 2605 does afford a private cause of action, and requires that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. § 2605(c)(1). The district court

5

dismissed any claim arguably brought under § 2605 on the grounds that Frazile failed to allege either (1) actual damage from the nondisclosure of the assignment of the *servicing* of the loan—as compared to nondisclosure of the terms of the mortgage—or (2) a pattern or practice of nondisclosure by the defendants that would warrant statutory damages. Such an allegation is a necessary element of any claim under § 2605. Id. § 2605(f). After careful review of the complaint, we agree with the conclusion of the district court that Frazile failed to allege facts relevant to the necessary element of damages caused by assignment. She did not, therefore, state a claim under § 2605.

On appeal, Frazile first acknowledges that her "complaint, as drafted, alleges that the [RESPA] violations were of § 2604(c), only." Despite this fact, and without citation to any statutory provision, relevant regulation, or binding authority, Frazile sets out a series of other RESPA claims that she argues can be inferred from the facts alleged in her complaint. Her attempts to salvage a RESPA claim, however, are without merit. Frazile seems to suggest that she can assert a cause of action under 12 U.S.C. § 2607 (prohibiting kickbacks, markups, and fee splitting for services not performed) or 12 U.S.C. § 2605(e) (setting out the proper form and timing of responses to qualified written requests).

Frazile never raised arguments regarding § 2607 at the district court, even

6

though she had the opportunity to do so. When, for instance, the defendants pointed out in their respective motions to dismiss that § 2604(c) could not support a private cause of action, Frazile did not argue that her complaint alleged facts sufficient to give rise to claims of unlawful markups, kickbacks, or fee splitting. Instead, as it related to RESPA, Frazile's responsive filing focused entirely on § 2605. She argued that although she had cited only § 2604(c), "[t]he motion to dismiss should be denied because Ms. Frazile is afforded a private or individual cause of action under § 2605." "[W]e have repeatedly held that 'an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (quoting Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991)). If we were to try and address these new arguments on appeal, "we [would] have nothing to go on other than scattered (and unsupported) factual references in the appellant['s] brief before this Court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004). Under this standard, Frazile failed to preserve a § 2607 claim.

In addition, after careful review of Frazile's complaint, we cannot conclude that Frazile "alleged enough facts to suggest, raise a reasonable expectation of, and render plausible" claims brought under either § 2607 or § 2605(e). See Watts, 495 F.3d at 1296. Relying solely on the allegations of the complaint, we conclude that

7

Frazile's pleading did not afford the defendants fair notice either that she brought a claim for payment of unlawful kickbacks, markups, or fee splitting, or that she brought a claim based on the inadequacy of their response to her qualified written request. In other words, her complaint did not include factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

For the foregoing reasons, the district court did not err when it held that Frazile's complaint failed to state a RESPA claim.

B.

Frazile also sought relief under TILA, alleging that the defendants violated 15 U.S.C. §§ 1635, 1640, and 1641 as well as Regulation Z, 12 C.F.R. § 226. She asked that the district court remedy her losses by rescinding her mortgage transaction and awarding damages, costs, and attorney's fees. The district court rejected Frazile's TILA claims on the grounds that rescission was not available for residential mortgage transactions of the type at issue in Frazile's suit and that any claim for damages was time-barred.

The district court turned to 15 U.S.C. § 1635(e)(1) to dispense with Frazile's rescission claim. However, its reliance on this provision was misplaced. TILA exempts from the right of rescission residential mortgage transactions "to finance

the acquisition or initial construction of such dwelling." See 15 U.S.C. §§ 1635(e)(1), 1602(w); 12 C.F.R. §§ 226.23(f)(1), 226.2(a)(24). However, the facts alleged in Frazile's complaint clearly demonstrate that the mortgage at issue was obtained as part of a refinancing transaction. Thus, § 1635(e)(1)'s exemption is not applicable.[1]

Frazile also sought damages, attorney's fees, and costs under § 1640(a) both for the defendants' failure to comply with the statute's disclosure requirements and for their failure to properly respond to her November 2008 rescission request. The district court addressed only the former issue, deeming any claim for damages time-barred under § 1640(e), which requires that plaintiffs bring suit "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

This Court has observed that a TILA nondisclosure "violation 'occurs' when the transaction is consummated," in other words, at the time of closing of a residential mortgage transaction. Smith v. Am. Fin. Sys., Inc. (In re Smith), 737 F.2d 1549, 1552 (11th Cir. 1984). Insofar as nondisclosure is concerned, we have

---

[1] We are aware that under 15 U.S.C. § 1635(e)(2) the right to rescind does not apply to certain refinancing and consolidation loans. However, neither the district court nor either defendant—in their motions to dismiss or on appeal—cites to or relies upon this provision when arguing that Frazile failed to state a TILA claim. Furthermore, even if § 1635(e)(2) were applicable, Frazile might still have a right to rescind "to the extent the new amount financed exceed[ed] the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation." 12 C.F.R. § 226.23(f)(2).

held that the violation "is not a continuing violation for purposes of the statute of limitations." Id. We have also recognized that the doctrine of equitable tolling might salvage a stale TILA claim where the debtor "ha[s] been prevented from [bringing suit] due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706–08 (11th Cir. 1998).

The alleged nondisclosure occurred at closing on November 16, 2006, more than a year prior to the commencement of this suit. As the district court correctly observed, the complaint's relevant assertions of misconduct all relate to conduct that took place on or before closing. Because Frazile filed this suit on June 15, 2009, more than one year later, her damages action for noncompliance with TILA's disclosure requirements is time-barred.[2]

---

[2] In her briefs on appeal, Frazile asserts that the district court should have deemed the statute of limitations equitably tolled because the defendants did not supply her with the relevant TILA-required disclosures until December 2008 or January 2009, and that the documents eventually provided were incomplete. She also claims that the statute of limitations defense is inapplicable because the exact date of the closing is in question.

Frazile's equitable tolling arguments fail. The alleged nondisclosure of TILA-related documents is the same conduct that makes up the TILA violation itself, a violation that we have deemed noncontinuing for statute of limitation purposes. See In re Smith, 737 F.2d at 1552. To hold otherwise would mean that any failure to disclose at the time of closing would not only give rise to a TILA claim, but would also toll the statute of limitations, thereby eviscerating the time limit expressly set out in § 1640(e). Frazile knew in 2006, at the time of closing, that she had not been supplied with the documents. Her ability to bring suit within one year of this alleged TILA violation was not affected by the defendants' failure to provide the required documents at closing or by EMC's purportedly incomplete disclosures two years later.

Insofar as she questions the exact date of the closing, Frazile's argument is directly contradicted by the allegations of her own complaint, in which she clearly and repeatedly asserts that the refinancing transaction closed on November 16, 2006.

Thus, Frazile has failed to state facts sufficient to demonstrate that she was prevented

10

However, the district court did not evaluate whether the defendants' failure to timely rescind the mortgage transaction amounted to a separate violation of § 1635(b), which is actionable under § 1640(a). See In re Smith, 737 F.2d at 1552. When a borrower exercises a valid right to rescission, the creditor must take action within twenty days after receipt of the notice of rescission, returning the borrower's money and terminating its security interest. See 15 U.S.C. § 1635(b). Failure to do so constitutes a separate violation of TILA, actionable under § 1640. Therefore, the one-year limitations period for violation of § 1635(b) claims runs from twenty days after a plaintiff gives notice of rescission. See Belini v. Wash. Mut. Bank, FA, 412 F.3d 17, 26 (1st Cir. 2005) (holding that though the plaintiffs had conceded that their disclosure-based TILA claims were time-barred, the statute of limitations had not yet run on claims arising out of noncompliance with § 1635(b)'s twenty-day requirement). Frazile alleged that in November 2008 she exercised her statutory right to rescind and that the defendants failed to timely respond. Frazile then filed this action on June 15, 2009. Thus, Frazile's cause of action for inadequate response to her notice of rescission is not time-barred.[3]

---

from filing this lawsuit by extraordinary circumstances that were both beyond her control and unavoidable and that she had diligently sought to preserve her statutory rights within a year of the alleged nondisclosure violation. See Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006).

[3] Fremont argues that Frazile waived the right to object to both § 1635(e)(1)'s applicability and the timeliness of her damages action because her initial brief did not directly address the grounds on which the district court based its ruling. Instead, argues Fremont, Frazile

11

We recognize that the defendants set out a series of alternative grounds on which we might affirm the district court's dismissal of Frazile's TILA claims. Despite our authority to affirm on other grounds, we think the better course is to leave these issues for appropriate factual and legal development by the district court. See Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 n.4 (11th Cir. 2003). On remand, the district court should therefore evaluate the defendants' other grounds for dismissal and determine whether Frazile has, in fact, stated a TILA claim. If she has, the district court must then determine whether the alleged nondisclosures preserved Frazile's right to rescind for three years, see 15 U.S.C. § 1635(f), and whether Frazile has alleged that the defendants violated TILA's rescission procedures by failing to adequately respond to her rescission notice, see id. § 1635(b).

---

conflates the two issues and dedicates the bulk of her initial brief to the timeliness of her rescission claim. We do not consider these issues abandoned. In her brief, Frazile argues that she continues to enjoy TILA's protections, citing cases to support the position that she is allowed three years to request rescission of the mortgage transaction, pursuant to § 1635(f). Her argument therefore necessarily takes issue with the district court's conclusion that her mortgage transaction is exempted under § 1635(e). Additionally, she challenges the district court's finding that she is not entitled to equitable tolling of the statute of limitations, claiming in her initial brief that in 2008 and in 2009 EMC obstructed her ability to acquire information relevant to her suit. Thus, the defendants were on notice that the district court's TILA rulings were within the scope of Frazile's appeal.

**III.**

For the foregoing reasons, the district court's dismissal of Frazile's RESPA claims is **AFFIRMED**. However, we **REVERSE** as to Frazile's TILA claims and **REMAND** for proceedings consistent with this opinion.