George MIRANDA and Christine Miranda, Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, Defendant.

CASE NO. 15–61434–CIV–COHN/SELTZER

United States District Court, S.D. Florida.

Signed December 1, 2015

Entered December 2, 2015

Steven Zakharyayev, Yechezkel Rodal, Loan Lawyers, LLC, Fort Lauderdale, FL, Aaron David Silvers, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

Charles Wade Bowden, Matthew Miles Spritz, Greenberg Traurig, P.A., West Palm Beach, FL, David Odalis Batista, Greenberg Traurig, Fort Lauderdale, FL, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' COMPLAINT

JAMES I. COHN, United States District Judge

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint [DE 17] ("Motion"). The Court has reviewed the Motion, Plaintiffs' Response [DE 21], Defendant's Reply [DE 32], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant in part the Motion, dismissing Plaintiffs' claim for statutory damages and limiting the actual damages that Plaintiffs may pursue under Count I.

## I. BACKGROUND

On or about February 17, 2012, Plaintiffs George and Christine Miranda signed a promissory note secured by a mortgage encumbering their home in Fort Lauderdale, Florida. DE 1 ¶¶ 16–17. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of the loan. *Id.* ¶¶ 10, 19. On or about January 8, 2015, Loan Lawyers mailed a written request for information ("RFI") to Defendant on behalf of Plaintiffs. *Id.* ¶ 21. Ocwen received the RFI on or about January 10, 2015. *Id.* The RFI requested the following items: (1) the complete life of the loan; (2) an accurate

payoff statement; (3) the full name, address, and telephone number of the current owner of the original mortgage note; and (4) answers to the following nine questions regarding property inspections:

a. Please state if you have any reason to believe the subject property is vacant and/or not in good condition, and if yes, please state the reason.

b. Please identify the specific section of the mortgage that you rely upon to authorize any property inspections on the subject property.

c. Please advise why you believe that monthly property inspections are reasonable or appropriate to protect the lender's interest in the subject property.

d. Please identify the date upon which you first ordered a property inspection to be conducted on the subject property.

e. Please state the frequency with which you conduct or cause to be conducted property inspections upon the subject property.

f. Please state whether you received specific instructions from the owner/lender of the subject loan to conduct or cause to be conducted property inspections upon the subject property.

g. The date each property inspection was conducted.

h. Copies of each and every property inspection invoice, report, photographs taken (if applicable).

i. Proof of payment for the amounts specified and charged to the account.

*Id.* ¶ 24. On or about January 16, 2015, Defendant acknowledged receipt of Plaintiffs' RFI. *Id.* ¶ 27. Defendant provided a payoff statement on January 20, 2015, and a pay history on January 22, 2015. *Id.* On January 29, 2015, Loan Lawyers sent correspondence to Defendant on behalf of Plaintiffs as a reminder that Plaintiffs still had not received the ownership information. *Id.* ¶ 29. On February 7, 2015, Defendant provided Plaintiffs with the original owner information. *Id.* ¶ 31. On March 6, 2015, Loan Lawyers, on behalf of Plaintiffs, sent another correspondence to Defendant seeking responses to Plaintiffs' unanswered interrogatories, but Defendant "failed or refused to adequately respond." *Id.* ¶¶ 33, 35.

On July 10, 2015, Plaintiffs filed the instant action against Defendant. Count I alleges a violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"). *Id.* ¶¶ 61–72. Count I also alleges a "pattern or practice" of RESPA violations by Defendant with respect to four loans in addition to Plaintiffs'. *Id.* ¶¶ 70–71. Count II alleges violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785 ("FCCPA"). *Id.* ¶¶ 73–80.

On August 28, 2015, Defendant moved to dismiss Count I under Federal Rule of Civil Procedure 12(b)(6). *See* DE 17. Defendant argues in the Motion that the Complaint fails to allege sufficient facts to establish that (1) Defendant's response to the RFI was untimely and inadequate as a matter of law and (2) Plaintiffs are entitled to actual and statutory damages. *Id.* In support of the Motion, Defendant offered for the Court's consideration two composite exhibits, which were not attached to the Complaint. *Id.*, Composite Exs. 3 & 5.

## II. *LEGAL STANDARD*

A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6) if the

plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir.1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir.2002).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955.

## III. DISCUSSION

■ As a preliminary matter, the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(d). A court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6). *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). A pleading includes written instruments attached as exhibits. Fed.R.Civ.P. 10(c); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th

Cir.2002). However, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." *Horsley*, 304 F.3d at 1134. "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005). Thus, "if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement...." *Id.* In determining whether a document is central to the plaintiff's case, the court asks "whether the plaintiff would have to offer the document to prove his case." *Lockwood v. Beasley*, 211 Fed.Appx. 873, 877 (11th Cir.2006). Documents that are relevant to the defendant's affirmative defenses, rather than the plaintiff's claim, will fail to meet the centrality requirement. *Id.*

■ In ruling on the Motion, the Court did not consider Composite Exhibit 5, Defendant's letter dated March 26, 2015, because Plaintiffs contest its authenticity. DE 21 at 2. Moreover, viewing the Complaint in the light most favorable to Plaintiffs, the Court does not find that Composite Exhibit 5 is central to Plaintiffs' RESPA claim. The letter is dated after the thirty-day statutory window in which Defendant was required to respond to the RFI, and therefore Plaintiffs could have brought the same RESPA claim regardless of whether Defendant sent this letter. Therefore, the Court did not consider the letter in resolving the present Motion.

The Court did, however, consider Composite Exhibit 3. The Exhibit includes three letters from Defendant to Plaintiffs

dated January 20, 2015, January 22, 2015, and February 7, 2015, sent in response to the RFI within the statutorily required timeframe. The letters form the basis for Plaintiffs' claim that Defendant's responses were inadequate, and they are expressly referenced in the Complaint. *See* DE 1 ¶ 27. Additionally, the authenticity of the letters is not contested. Thus, the Court could properly consider the correspondence upon the Motion to Dismiss.

■ Moving to the substance of the Motion, Defendant argues that Plaintiffs have failed to sufficiently plead a RESPA claim. To state a RESPA claim for failure to respond to a qualified written request ("QWR"), a plaintiff must allege: "(1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a [QWR] consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages." *Correa v. BAC Home Loans Serv. LP*, No. 6:11–cv–1197–Orl–22DAB, 2012 WL 1176701, at *6 (M.D.Fla. Apr. 9, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 Fed.Appx. 833, 836 (11th Cir.2010)). Defendant does not contest that it is a loan servicer or that the RFI qualifies as a QWR. Rather, Defendant contends that the Complaint fails to sufficiently plead that its response was inadequate and that Plaintiffs are entitled to damages recoverable under RESPA. These two contested elements are addressed below.

### A. *Adequacy of Response*

■ Plaintiffs have sufficiently pled that Defendant failed to provide an adequate response to their RFI within the statutory period. A loan servicer must respond to a request for information, other than infor-

mation about the identity and contact information of the owner or assignee of a mortgage, within thirty days (excluding legal public holidays, Saturdays, and Sundays) of receiving the request. 12 C.F.R. § 1024.36(d)(2)(i). The Complaint alleges that Plaintiffs submitted nine interrogatories to Defendant about the subject property and that "[w]eeks went by and Plaintiffs still had not received responses to the nine informational requests regarding the property inspections." DE 1 ¶ 32. By March 6, 2015, approximately fifty-five days after Defendant's receipt of the RFI, Plaintiffs allegedly still had not received all of the information that they requested. *Id.* ¶ 33. These allegations are "enough facts to state a claim that is plausible on its face" that Defendant failed to respond adequately to Plaintiffs' RFI. *See Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

In challenging the Complaint, Defendant argues that it answered Plaintiffs' interrogatories in its letter dated January 20, 2015. DE 17 at 9. The letter notified Plaintiffs that, "If you become[ ] delinquent on you loan, this fee may be charged for an inspection of the property to make sure that it is still in good condition." *Id.* It is unclear to the Court how this statement is responsive to all, if any, of Plaintiffs' specific interrogatories regarding the property inspection fees. Construing any ambiguities in favor of Plaintiffs, the Court does not find that Defendant's January 20, 2015, letter renders Defendant's response adequate as a matter of law.

### B. *Damages*

A RESPA claim requires damages. *See Frazile*, 382 Fed.Appx. at 836. If a servicer fails to comply with RESPA, the borrower may recover "any actual damages to the borrower as a result of the failure," as

well as statutory damages "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(A)–(B). Plaintiffs' claim for actual damages is sufficient to prevent complete dismissal of the RESPA claim, but Plaintiffs may not collect all damages sought in the Complaint.

### i. *Actual Damages*

■■■ Plaintiffs have alleged actual damages recoverable under RESPA. "[C]osts incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation." *Long v. Residential Credit Sols., Inc.*, No. 9:15–CV–80590, 2015 WL 4983507, at *1 (S.D.Fla. Aug. 21, 2015) (citing *Steele v. Quantum Serv. Corp.*, 12–CV–2897, 2013 WL 3196544 (N.D.Tex. June 25, 2013)). However, alleged photocopying costs, postage costs, and reasonable attorney's fees incurred after an incomplete or insufficient response to a QWR are actionable under RESPA. *Rodriguez v. Seterus, Inc.*, No. 15–61253–CIV, 2015 WL 5677182, at *2–3 (S.D.Fla. Sept. 28, 2015); *Russell v. Nationstar Mortg., LLC*, No. 4–61977–CIV, 2015 WL 541893, at *2 (S.D.Fla. Feb. 10, 2015).

The Complaint seeks actual damages for "(1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to OCWEN's failure to adequately respond to Plaintiff's RFI." DE 1 ¶ 69. Plaintiffs are mistaken that they can seek damages for costs incurred in preparing and mailing the RFI. *See Long*, 2015 WL 4983507, at *1. However, Plaintiffs may seek damages for the costs that they incurred after Defendant's allegedly inade-

quate response, and the Complaint provides sufficient facts to support a claim for such damages. Loan Lawyers, on behalf of Plaintiffs, clearly sent the March 6, 2015, letter after the thirty days in which Defendant was required to fully respond to the RFI. The letter also clearly arose out of Defendant's alleged failure to comply with its statutory obligations, because the letter identifies the specific inquiries contained in the RFI that Defendant allegedly had not answered by that time. *See* DE 1, Ex. C. Therefore, while Plaintiffs are not entitled to costs incurred in mailing the initial RFI, they may seek photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondence due to Defendant's alleged failure to respond.

### ii. *Statutory Damages*

■■■ Unlike the claim for actual damages, the Complaint does not adequately plead statutory damages. In order to recover statutory damages, the plaintiff must show "a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B). "Pattern or practice" is not defined by a specific number of offenses; rather, the term suggests a standard or routine way of operating. *Compare In re Tomasevic*, 273 B.R. 682 (Bankr.M.D.Fla.2002) (failure to respond to one QWR did not amount to "pattern or practice"), *and McLean v. GMAC Mortg. Corp.*, 595 F.Supp.2d 1360, 1365–66 (S.D.Fla.2009) (finding defendant's insufficient response to two QWRs insufficient to establish "pattern or practice"), *with Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 869 (N.D.Ill.2002) (failure to respond to QWRs on five occasions was sufficient to establish "pattern or practice"). Allegations that the defendant refused to supply some requested information to unidentified

nonparties, without identifying any wrongfully withheld information, "are too conclusory to state a claim based on a pattern or practice of RESPA noncompliance." *Paschette v. Wells Fargo Bank, N.A.*, No. 6:11–cv–442–Orl–31GJK, 2011 WL 3962274, at *2 (M.D.Fla. Sept. 8, 2011); *see also Rodriguez*, 2015 WL 5677182, at *3 (S.D.Fla. Sept. 28, 2015) ("Plaintiff's statement referring to other communications with Defendant by nonparties . . . is too conclusory and vague to state a claim based on a pattern or practice of RESPA noncompliance").

■ Here, Plaintiffs state that Defendant once provided them with an inadequate response and that Defendant failed to comply with RESPA regulations for four other loans that it services. DE 1 ¶ 71. The Complaint identifies the loans by number but provides no other information about them or how Defendant violated RESPA in servicing them. Accordingly, the blanket assertion that Defendant violated RESPA regulations as to four other loans, without any further facts to support that claim, is too conclusory and vague to support a claim for statutory damages under RESPA. Therefore, the claim for statutory damages must be dismissed.

## IV. *CONCLUSION*

For the reasons explained in this Order, Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint [DE 17] is **GRANTED in part and DENIED in part** as follows:

1. As to Count I, Plaintiffs' claim for expenses incurred in preparing the RFI shall be excluded from their claim for actual damages.

2. As to Count I, Plaintiffs' claim for statutory damages is **DISMISSED without prejudice.**

3. Plaintiffs may file an amended complaint within fourteen (14) days from the date of this Order. Failure to do so on or before that date will result in this case proceeding only on actual damages for Plaintiffs' RESPA claim.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of December, 2015.