Jessica **WALKER, and Clifford Walker, Plaintiffs,**

v.

**BRANCH BANKING AND TRUST COMPANY, Defendant.**

Case No. 16–cv–62791–BLOOM/Valle

United States District Court, S.D. Florida.

Signed February 23, 2017

Entered February 24, 2017

---

Matthew David Bavaro, Bavaro Legal, Plantation, FL, Michael Abraham Citron, Fort Lauderdale, FL, for Plaintiffs.

David Stockton Hendrix, Gray Robinson, PA, Tampa, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

BETH BLOOM, UNITED STATES
DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant Branch Banking and Trust Company's ("Defendant") Motion to Dismiss, ECF No. [10] (the "Motion"). The Court has carefully reviewed the Motion, the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Jessica and Clifford Walker ("Plaintiffs") allege that Defendant violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024 *et seq.* ("Regulation X"). ECF No. [1] ("Complaint"). Specifically, Plaintiffs seek remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA, §§ 1024.35 and 1024.36 of Regulation X, and § 1026.36 of Regulation Z (12 C.F.R. § 1026 *et seq.*). *See id.* ¶ 3. As the basis for their claims, Plaintiffs allege that on May 26, 2009, they entered into a promissory note agreement with WCS Lending, LLC (the "Note"), secured by a mortgage on Plaintiffs' property. *See id.* ¶¶ 12–13. Defendant initiated a foreclosure action against Plaintiff Clifford Walker in state court on March 1, 2016, and Plaintiffs retained current counsel thereafter. *See id.* ¶¶ 14–15. On or about May 9, 2016, Plaintiffs' counsel mailed a Request for Information ("RFI") to Defendant on behalf of Plaintiffs, asking that Defendant "(1) provide an accurate statement of the total outstanding balance of the loan; (2) provide the full name, address and telephone number of the current owner of the original mortgage note; (3) provide a complete pay history for the life of the loan; and finally (4) to clarify with specificity the details of unexplained charges which were

assessed on the Plaintiffs'·loan." *Id.* ¶¶ 17, 19. Among other specific information, Plaintiffs sought to obtain "answers as to how and why ·in one statement alone, Plaintiffs accrued ·seven (7) separate and unexplained or verified charges on their mortgage loan account amounting to $4,821.28." *Id.* ¶ 16 (referring to May 16, 2016 mortgage statement). The RFI requests "a *detailed* explanation of various charges," listing seven separate charges totaling $4,821.28. ECF No. [1–3] ("RFI") at 2 (emphasis in the original). The RFI also requests that Defendant provide "the basis for· charging to the ·account," and include supporting·documentation. *Id.* Further, the RFI requests that Defendant "[p]lease provide a complete pay history for the life of the loan." *Id.*

Plaintiffs received Defendant's response to the RFI one week later, and received further written correspondence from Defendant on May 24 and June 3, 2016. *See* Complaint ¶¶ 27–29. Defendant's response is substantial, but, according to Plaintiffs, is nonetheless deficient. For example, Plaintiffs allege that rather than explain a specific basis for the fee/charges described in the .RFI, Defendant merely notes that "[c]urrently there are late ·fees in the amount of $356.35 owed on the account," and that a "$3,244.66 fee classified as 'Total· Fees and Late Charges' ... comprised 'the total amount of fees and corporate advance owed on the· ·account.'" *Id.* ¶ 32(a)(i)-(ii) (quoting· ECF No. [1–6] at 1). Defendant's response includes a "ledger" of fees, which Plaintiffs complain "merely regurgitated those fees without any explanation as was requested by the Plaintiffs' RFI." *Id.* ¶ 32(a)(ii). Finally, regarding Plaintiffs' request for invoices, Plaintiffs allege Defendant responded that the documents would "not be provided, without explanation." *Id.* ¶ 32(d). Having received Defendant's response, Plaintiffs sent a follow up letter intended to serve as "notice

of your error and an opportunity to cure the error." ECF No. [1–7] at 1 (Notice of Error ("NOE")). Defendant sent a response letter, and Plaintiffs filed suit. *See* ECF Nos. [1–8], [1–9]. Defendant filed the instant Motion to Dismiss on December 29, 2016. Plaintiffs' Response and Defendant's Reply timely followed. *See* ECF Nos. [18], [22].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*,

304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *see Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

Plaintiffs claim that Defendant violated RESPA at 12 U.S.C. § 2605(k)(1)(C) and (E) by inadequately responding to the RFI. *See* Complaint ¶¶ 48, 53. Section 2605 of RESPA governs the "servicing of mortgage loans and administration of escrow accounts." Section 2605(k)(1)(E) implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not ... fail to comply with any other obligation found by the Bureau

of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." Plaintiffs claim that Defendant is liable under RESPA for failing or refusing to comply with § 1024.36(d) of Regulation X. *See id.* ¶¶ 53–54. Section 1024.36(d)(2)(i)(B) provides, in pertinent part, that "[a] servicer must comply with the requirements of paragraph (d)(1)" no later "than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request." As to § 1024.36(d)(1) itself, the subsection requires servicers to respond to a borrower's requests for information by either:

(i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

(ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.36(d)(1). RESPA provides for the recovery of actual damages, and statutory damages where a pattern or practice of noncompliance is established. *See* 12 U.S.C. § 2605(f)(1).

█ In order to survive a motion to dismiss, a plaintiff must sufficiently allege that "1) Defendant is a loan servicer; 2) Defendant received a QWR [ ("Qualified Written Request") ] from Plaintiff; 3) the QWR relates to servicing of mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages." *Porciello v. Bank of Am., N.A.*, 2015 WL 899942, at *3

(M.D. Fla. Mar. 3, 2015); *see Miranda v. Ocwen Loan Servicing, LLC*, 148 F.Supp.3d 1349, 1354 (S.D. Fla. 2015); *Correa v. BAC Home Loans Serv. LP*, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 Fed.Appx. 833, 836 (11th Cir. 2010)). An RFI can qualify as a QWR. *See Miranda*, 148 F.Supp.3d at 1354; 12 C.F.R. § 1024.36. On its face, Plaintiffs' Complaint adequately pleads the first four elements required to state a claim under RESPA. *See Alibhai v. Wilmington Trust Co.*, 2013 WL 12062270, at *11 (N.D. Ga. May 30, 2013), *report and recommendation adopted*, 2013 WL 12064283 (N.D. Ga. Aug. 6, 2013) ("Because Plaintiff's February 2, 2012, Letter includes requests on how payments, charges, and fees have been applied to Plaintiff's delinquent loan, the letter is at least in part a QWR."). Defendant, however, argues that the Complaint must be dismissed because it is contradicted by the information contained in Defendant's response, *see* ECF No. [1–6], and Plaintiffs' requests do not serve as a basis for a RESPA violation.

### A. Fee And Charge Inquiries

█ As resolution of the Motion centers on the uncontested RFI, NOE, and correspondences of record, the Court will consider the documents as appropriate. *See Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.*, 433 F.3d at 1340; *Horsley*, 304 F.3d at 1135. In the RFI, Plaintiffs request, among other information, a "detailed explanation of various charges ... including the basis for charging to the account." ECF No. [1–3] at 2; *see* Complaint ¶ 16 (pleading that Plaintiffs requested "answers as to how and why ... Plaintiffs accrued seven (7) separate and unexplained or verified charges ... amounting to $4,821.28."). Plaintiffs list each specific fee of inquiry, and additionally request related documentation and invoices. *See*

ECF No. [1–3] at 2. In its response, Defendant states that there exist "late fees in the amount $356.35 owed on the account," and that "the amount of $3,244.66 fee classified as 'Total Fees and Late Charges' is the total amount of fees and corporate advance owed on the account." ECF No. [1–6] at 1 (quoting RFI); *see* Complaint ¶ 32(a)(i)-(ii). The response also references an included "ledger," documenting the "amount of fees and corporate advance." ECF No. [1–6] at 1. As to Plaintiffs' request for invoices related to various fees, the response states that Defendant is "unable to provide you with copies of these invoices." *Id.* at 2.

Plaintiffs argue that even considering the documents of record, Count I of the Complaint plausibly pleads that Defendant violated § 1024.36(d)(1) of Regulation X, and the Court agrees. As an initial matter, the Court finds that Defendant's response provides an explanation for the supposed $356.35 in late fees charged. *See id.* at 1 ("please be advised that when a mortgage loan payment is not received by the end of fifteen calendar days after the date it is due, a late fee is assessed."). However, in regard to the "$3,244.66 fee labeled as 'Total Fees and Late Charges,'" Defendant responds simply that this figure is "the amount of fees and corporate advance owed on the account," and directs Plaintiffs to a fee ledger and corporate advance document, attached. The fee ledger consists of a series of "late charge[s]" from August 2009 through September 2015, but does not appear to provide a basis or any additional explanation for the charges.[1] Similarly, the "corporate advance" information provided by Defendant appears to consist of a list of fees with dates and abbreviated titles similar to those provided by *Plaintiffs* in their RFI.

Defendant relies on *Bates v. JPMorgan Chase Bank, NA* to argue that a RESPA cause of action does not exist simply because a plaintiff is "confused and/or unsatisfied with this answer." 768 F.3d 1126, 1135 (11th Cir. 2014). While this may be, the record in *Bates* showed that the servicer had "explained" its actions in response to the plaintiff's direct request. *See id.* at 1134–35 ("In its response, Chase explained that it had returned the funds from Bates's September and November payments because they were not certified funds and were inadequate to cure the default."). Similarly, in *O'Brien v. Seterus, Inc.*, also relied upon by Defendant, the court held that "[a]lthough Defendant did not give Plaintiffs the answers they desired, or respond with the level of specificity Plaintiffs apparently requested, Defendant did answer—the property inspections were conducted solely because the terms of the mortgage allowed for it—which Plaintiffs consented to when they executed the mortgage." 2015 WL 4514512, at *3 (S.D. Fla. July 24, 2015) (citing *Whittaker v. Wells Fargo Bank, N.A.*, 2014 WL 5426497, at *8 (M.D. Fla. Oct. 23, 2014) ("[RESPA] does not require the servicer to provide the resolution or the explanation desired by the borrower; it requires the servicer to provide a statement of its reasons.")). On the record before the Court and at this stage of proceedings, the Court cannot find that Defendant's response—predominantly consisting of a list of charges and corresponding dates—adequately contains the information Plaintiffs requested or otherwise provides "a statement of [Defendant's] reasons" responsive to Plaintiffs' specific inquiry. *Whittaker*, 2014 WL 5426497, at *8 ("Although Plaintiff did not like the explanation he received from Wells Fargo, Wells Fargo *did state why it believed that the action it had taken*

---

1. It is worth noting that the $3,244.66 and $356.35 amounts referenced in Defendant's

response do not equal the $4,821.28 delineated in Plaintiffs' RFI.

on Plaintiff's account with regard to application of the insurance proceeds was appropriate and correct." (emphasis added)); *see Russell v. Nationstar Mortg., LLC*, 2015 WL 5029346, at *5 (S.D. Fla. Aug. 26, 2015) ("Where prior payments are not disputed, RESPA requires a loan servicer to provide a statement of its reasons—no more and no less."); *see also Whittaker*, 2014 WL 5426497, at *8 n.18 (distinguishing *Allen v. Bank of America, N.A.*, 933 F.Supp.2d 716, 733 (D. Md. 2013) where "the servicer responded to a QWR by providing an account history but did not 'provide[ ] a sufficient statement detailing why it believed the account was correct, as required by [RESPA],'" and *Payne v. Mortgage Electronic Registration Systems, Inc. (In re Payne)*, 387 B.R. 614, 638 (Bankr. D. Kan. 2008), where "the debtors requested 'their current, correct, monthly escrow payment' but the servicer responded with [merely] 'unexplained payoff letters containing an itemization.'"). In addition, Defendant's response does not appear to explain why Defendant is "unable to provide . . . copies of . . . invoices" for the litany of fees referenced in the RFI.[2] ECF No. [1–6] at 2. Accordingly, drawing all plausible inferences in Plaintiffs' favor, the Court does not find it plain on the face of the Complaint and reviewable record that Defendant sufficiently provided Plaintiffs with (1) the requested information or (2) written notification stating that Defendant determined that the requested information is not available to the servicer, including the basis for Defendant's determination. *See* 12 C.F.R. § 1024.36(d)(1)(i)-(ii); *see also Miranda*, 148 F.Supp.3d at 1354 ("It is unclear to the Court how this statement is responsive to . . . Plaintiffs' specific interrogatories. . . . Construing any ambigui-

ties in favor of Plaintiffs, the Court does not find that Defendant's . . . letter renders Defendant's response adequate as a matter of law.").

## B. Failure To Respond To The Notice of Error And Failure To Provide A Complete Pay History

■ Although Plaintiffs' single-count Complaint survives for the reasons explained in sections III.A *supra* and III.C *infra*, the Court will address Defendant's additional challenges to certain claims made in the Complaint. Defendant first argues that it is not liable for any alleged failure to respond to the NOE, as alleged by Plaintiffs, *see* Complaint ¶¶ 51–52, because the NOE fails to allege an "error" covered under 12 C.F.R. § 1024.35(b). Plaintiffs retort that the NOE properly asserts a listed error, namely, the "[i]mposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower," and additionally, notifies Defendant of "[a]ny error relating to the servicing of a borrower's mortgage loan." 12 C.F.R. § 1024.35(b)(5), (11). The Court agrees with Defendant, for while Plaintiffs' May 9, 2016 request constitutes an RFI, the subsequent NOE neither requests new information nor asserts an "error" as described at 12 C.F.R. § 1024.35(b). Rather, the NOE informs Defendant of its "error in that, to date, we have not received a response to the RFI that complies with the law." NOE at 1. While an NOE notifying a loan servicer of its failure to adequately respond to an RFI may establish grounds for actual damages, *see* III.C *infra*, it does not notify a servicer of an "error" sufficient to establish the RESPA cause of action Plaintiffs allege. *See Nunez v. J.P. Morgan Chase Bank, N.A.*, 648 Fed.Appx.

---

**2.** Although Defendant argues in its Motion that this information is contained in a "Corporate Advance History" and a "copy of the appraisal conducted on the property" sent to Plaintiffs, Motion at 13, Defendant's RFI response does not direct Plaintiffs to the documents Defendant now references, responding instead simply that Defendant cannot provide the information requested.

905, 907 (11th Cir. 2016) (12 C.F.R. § 1024.35 "allows borrowers to notify mortgage servicers of possible *account errors*." (emphasis added)). Defendant's Motion, therefore, is granted to the extent it moves the Court to dismiss with prejudice Plaintiffs' claim that Defendant failed to adequately respond to the NOE.

Defendant also argues that it is not liable as a matter of law for any failure to provide "a complete pay history for the life of the loan." *See* Complaint ¶ 32(b) (citing 12 C.F.R. § 1024.36(1)(d)(ii)). As this Court has previously held, *"an unadorned request for a statement of payments made toward a loan is not an allegation of a servicing error"* sufficient to serve as a basis for a RESPA cause of action. *Hudgins v. Seterus, Inc.*, 192 F.Supp.3d 1343, 1351 (S.D. Fla. 2016) (quoting *Sirote v. BBVA Compass Bank*, 857 F.Supp.2d 1213, 1222 (N.D. Ala. 2010), *aff'd*, 462 Fed.Appx. 888 (11th Cir. 2012) (emphasis in the original)). In this case, however, Plaintiffs' request for a complete pay history is made in conjunction with their request for fee and charge information, a request that relates to the servicing of a loan. *See Alibhai*, 2013 WL 12062270, at *11; *Shedd v. Wells Fargo Home Mortg., Inc.*, 2015 WL 6479537, at *10 n.16 (S.D. Ala. Oct. 26, 2015) (distinguishing *Sirote* where specific request for payment history relates to loan servicing); *see also Hudgins*, 192 F.Supp.3d at 1349 ("Information related to loan servicing includes information about the receipt of periodic payments or the amounts of such payments." (internal quotations omitted)). Accordingly, Defendant's Motion is denied to the extent it moves the Court to dismiss Plaintiffs' claims that Defendant inade-

quately responded to the request for a complete pay history.

### C. Damages

The Court next addresses the issue of damages. "The following damages are recoverable under RESPA for a section 2605 violation: '(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.'" *McLean v. GMAC Mortgage Corp.*, 595 F.Supp.2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 Fed. Appx. 467 (11th Cir. 2010) (quoting 12 U.S.C. § 2605(f)(1)). "[C]osts incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation." *Long v. Residential Credit Sols., Inc.*, 2015 WL 4983507, at *1 (S.D. Fla. Aug. 21, 2015); *see also Miranda*, 148 F.Supp.3d at 1355. "'However, alleged photocopying costs, postage costs, and reasonable attorney's fees incurred after an incomplete or insufficient response to a QWR are actionable under RESPA.'" *Martinez v. Shellpoint Mortg. Servicing*, 2016 WL 6600437, at *3 (S.D. Fla. Nov. 8, 2016) (quoting *Miranda*, 148 F.Supp.3d at 1355 (citing *Rodriguez v. Seterus, Inc.*, 2015 WL 5677182, at *2-3 (S.D. Fla. Sept. 28, 2015))). In this case, Plaintiffs allege that they incurred fees described at 12 U.S.C. § 2605(f)(1) in preparing the NOE as a result of Defendant's failure to adequately respond to the RFI. *See* Complaint ¶¶ 53, 59. Accordingly, Plaintiffs have sufficiently pleaded a claim for actual damages.[3]

---

3. Plaintiffs do not dispute Defendant's argument that the Complaint fails to adequately plead actual damages in the form of emotional distress and related harm. Accordingly, Plaintiffs' claims for these damages are dis-

missed. *See Melendez v. Town of Bay Harbor Islands*, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014) (conceding that punitive damages were not recoverable by failing to ad-

As to statutory damages, Plaintiffs allege that Defendant has a "pattern or practice of noncompliance with Regulation X and RESPA," evidenced by at least four separate "Consumer Complaints" in which Defendant failed "to provide an adequate written response to a request for information within the required timeframe." *Id.* ¶¶ 60–61. In the RESPA context, courts have interpreted the term "pattern or practice" to "suggest[ ] a standard or routine way of operating." *McLean*, 595 F.Supp.2d at 1365. In *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016), the Eleventh Circuit held that statutory damages may be sufficiently plead where, in addition to the alleged RESPA violation at bar, the complaint alleges unrelated RESPA violations. While a plaintiff need not plead the "identities of other borrowers, the dates of the letters, and the specifics of their inquiries" to survive dismissal, *Iqbal* and *Twombly* still require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Renfroe*, 822 F.3d at 1247. In this case, the Court finds that Plaintiffs have adequately pleaded entitlement to statutory damages, for unlike in the cases relied upon by Defendant, Plaintiffs have alleged a factual basis for Defendant's additional RESPA violations. *See Miranda*, 148 F.Supp.3d at 1356 ("The Complaint identifies the loans by number but provides no other information about them or how Defendant violated RESPA in servicing them. Accordingly, the blanket assertion that Defendant violated RESPA regulations as to four other loans, without any further facts to support that claim, is too conclusory and vague...."); *Rodriguez*, 2015 WL 5677182, at *3 ("Plaintiff asserts that his allegations that Defendant has violated three provisions of RESPA in this case alone, and his ability to demonstrate at some point in the future numerous correspondences sent to Seterus, relating to other clients under the applicable statutes, ... is [in]sufficient to state a claim for statutory damages under RESPA." (internal quotations omitted)); *see also Renfroe*, 822 F.3d at 1247 ("Though there is no magic number of violations that create a 'pattern or practice of noncompliance,' courts have held that two violations of RESPA are insufficient," but "allegations of five RESPA violations have been deemed adequate" (internal quotations omitted)). Whether the additional Consumer Complaints alleged actually establish a claim for statutory damages in this case is a question of fact for another day.[4] *See Renfroe*, 822 F.3d at 1248 ("It is enough, as Mrs. Renfroe did here, to plausibly allege a pattern or practice of noncompliance with the requirements of RESPA." (internal alterations and quotations omitted)).

## IV. CONCLUSION

For the forgoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [10]**, is **GRANTED** in part and **DENIED** in part. Defendant has until **March 4, 2017** to file an Answer to the Complaint.

---

dress argument in responsive brief); *Brady v. Medtronic, Inc.*, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (conceding claims were subject to dismissal by failing to address defendant's argument in plaintiff's opposition to the motion to dismiss); *Slugocki v. U.S. By & Through Dep't of Labor, Office of Workers' Comp. Programs, Div. of Fed. Employees' Comp.*, 988 F.Supp. 1443, 1447 (S.D. Fla. 1997) ("[Plaintiff] appears to concede as much when he fails to address this argument anywhere in his Response brief.").

4. If, as Defendant argues, Plaintiffs have indeed "crosse[d] the line between failing to plead sufficient facts ... and pleading facts that are demonstrably false," Motion at 17, the Court will entertain a proper motion at the appropriate time.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of February, 2017.