[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11016
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00199-CDL

SHEREEN R. GREENE,

Plaintiff - Appellant,

versus

INTUIT INC,
d.b.a. Quicken Loans,
LIBERTY UTILITIES,

Defendants,

ROCKET MORTGAGE,
AMROCK INC.,
f.k.a. Title Source Inc.,
MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC.,
d.b.a. MERS Inc.,
COOK & JAMES, LLC,
JOHN AND OR JANE DOES,
mortgage aggregators, wholesalers, mortgage originators,
loan sellers, trustee of pooled assets, trustee for holders of certificates of
collateralized mortgage obligations, investment bankers, future buyers and
investors, Individually and Severally,

QUICKEN LOANS,
RUBIN LUBLIN, LLC, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 26, 2019)

Before BRANCH, TJOFLAT, and FAY, Circuit Judges.

PER CURIAM:

I.

Shereen Greene, a *pro se* plaintiff, attempted to bring a claim against the defendants under the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). The District Court dismissed her second amended complaint because § 10 of RESPA does not create a private right of action and because she filed her TILA claim more than one year after the mortgage transaction in controversy. The District Court also chose to dismiss Greene's remaining state law claims—after dismissing her federal claims—rather than exercise its supplemental jurisdiction over those claims. Greene appeals.

Because (1) the District Court properly found that § 10 of RESPA does not provide for a private right of action, (2) Greene's TILA claim is time-barred, and (3) the District Court did not abuse its discretion in dismissing Greene's state law

2

claims after dismissing all of the claims over which it had original jurisdiction, we affirm.

## II.

We review a district court's grant of a Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pled facts are accepted as true. *Id*.

There is no private right of action under § 10 of RESPA because it is the Secretary of Housing and Urban Development who assesses civil penalties for violations of that section. *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). Therefore, here, the District Court properly dismissed Greene's RESPA claim.

In contrast, TILA provides a private right of action. 15 U.S.C. § 1640(a). However, a plaintiff must bring a TILA action "within one year from the date of the occurrence of the violation." *Id*. § 1640(e). TILA violations occur when the transaction is consummated. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). Here, the transaction was consummated when Greene's residential mortgage transaction closed. *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 838 (11th Cir. 2010) (noting that a TILA nondisclosure violation occurs "at the time of closing of a residential mortgage transaction" (citing *Smith*, 737 F.2d at 1552)).

3

Because she did not bring her TILA claim within one year of that transaction, the District Court properly dismissed Greene's TILA claim.

## III.

We review a district court's decision not to exercise supplemental jurisdiction for an abuse of discretion.  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006).

A district court may decline to exercise supplemental jurisdiction over a claim brought pursuant to 28 U.S.C. § 1367(a) if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  That is exactly what happened here—the District Court declined to exercise supplemental jurisdiction over Greene's state law claims after dismissing all of the claims over which it had original jurisdiction.  Therefore, the District Court did not err.

## IV.

Accordingly, the District Court properly dismissed Greene's complaint, and we affirm.

**AFFIRMED.**