[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12698
Non-Argument Calendar

_____

FILED

J.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01405-CV-UWC-E

VAN LOCKWOOD,

Plaintiff-Appellant,

versus

JERE L. BEASLEY,
J. GREGG ALLEN,
WILLIAM G. O'REAR, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 20, 2006)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Van Lockwood, proceeding pro se, appeals the district court's dismissal of his diversity action on the ground that Lockwood endorsed a check containing a release, thereby releasing his claims against the defendants. On appeal, Lockwood challenges the district court's refusal to enter default judgment against the defendants, its failure to enter summary judgment in his favor, and its dismissal of his claims. For the reasons set forth more fully below, we affirm in part and vacate and remand in part.

## I. Procedural History

Lockwood, pro se, filed a complaint challenging the attorneys' fees awarded in connection with the settlement of a mass tort litigation in the district court, Tolbert v. Monsanto Co., alleging that he was a client in the case and that the attorneys' fees were prima facie excessive and not bargained for at the time of contracting and that he reserved the right not to give a lien on the settlement until he recovered. Contemporaneous with his complaint, Lockwood filed a motion for summary judgment. The case was initially assigned to U.S. District Court Judge Karon Bowdre.

The defendants were served with the summons and complaint on July 13, 2004 and failed to file a responsive pleading during the 20-day period following service. On August 3, 2004, Lockwood moved for default judgment, alleging that

2

the defendants failed to answer within the time permitted by Fed.R.Civ.P. 12(a)(1)(A). On August 9, 2004, the defendants objected to Lockwood's motion, providing evidence that a timely motion was mailed to the clerk's office on July 30, 2004. After learning that the clerk's office did not receive their motion, the defendants sent another copy, which was filed on August 10, 2004. On August 12, 2004, the district court summarily denied Lockwood's motion for default.

In their motion, the defendants moved to transfer the case to U.S. District Court Judge U. W. Clemon for consolidation with the underlying <u>Monsanto</u> litigation on the ground that Judge Clemon retained complete jurisdiction over disputes concerning the final judgment and order in the <u>Monsanto</u> litigation. The defendants also moved to dismiss, <u>inter alia</u>, on the ground of release and accord and satisfaction because Lockwood endorsed a check containing a restrictive endorsement releasing all claims against his attorneys. In support of their release defense, the defendants attached to their motion a copy of an endorsed $500 check payable to Van C. Lockwood and an affidavit by Edgar C. Gentle, III, the settlement fund Claims Administrator, stating that although not plainly visible, the endorsed advance payment check contained the following release language:

> 'By endorsing this check, and after being informed fully by my lawyer, I hereby release, for myself and my heirs and representatives, all claims against Monsanto Company, Solutia, Inc., and Pharmacia Corporation and their affiliates to the full extent permitted under

3

federal or state law pursuant to the Settlement Agreement and Final Judgment and Order in <u>Tolbert, et al. v. Monsanto Company, et al.</u>, Case No. CV-01-C-1407-S, United States District Court, Northern District of Alabama. In addition, I hereby release, for myself and my heirs and representatives, all claims against the Tolbert Qualified Settlement Fund, the Settlement Administrator of that Qualified Settlement Fund, and my lawyer(s) and their affiliates to the full extent permitted under federal or state law.'

Lockwood renewed his motion for default and also moved the court to "dismiss" the defendant's filing because it was untimely. The district court denied all pending motions as moot, dismissing the case for lack of federal question or diversity jurisdiction. The district court ultimately reinstated the case based on diversity jurisdiction. Lockwood then renewed his motion for default judgment and summary judgment, which the district court denied without prejudice with leave to re-file after entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b). Lockwood then filed the same substantive motion and sought a transfer to this Court, which the district court construed as an interlocutory appeal. The case was then stayed for resolution of the appeal, which we dismissed for lack of jurisdiction.

Following our dismissal, Lockwood amended his complaint to seek recovery of $1.5 billion from the defendants based on third party standing. The defendants responded, adopting their previous motion to transfer and dismiss, and moved to strike the amended complaint as improper under Fed.R.Civ.P. 15(a). Lockwood

4

filed a response, after which the record shows no activity in the case until approximately seven months later, when the district court, per Judge Clemon, entered an order stating that the case was transferred to him and dismissing the case based on Lockwood's release of claims against the defendants. Lockwood filed a motion for rehearing or reconsideration challenging the court's dismissal, which the district court denied. This appeal followed.

## II. Default Judgment

Lockwood's challenge to the district court's denials of his motions for default appears to be based solely on the defendants' failure to answer within 20 days. We review the denial of a motion for default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). We have cautioned that default should be used sparingly and that it is too harsh, except in extreme circumstances. Id. at 1316-17. Extreme circumstances justifying the entry of default judgment are not present in this case. The defendants' motion was filed in the district court one week after their answer was due. See Fed.R.Civ.P. 12(a)(1)(A). They alleged and provided evidence that they originally mailed the motion before the deadline, but that the motion was not docketed by the clerk. Finally, Lockwood does not show how he was prejudiced by a week's delay in the defendants' filing. Accordingly, the district court did not

5

abuse its discretion by denying Lockwood's motions for default due to the defendants' failure to file their motion within 20 days after they were served.

To the extent that Lockwood argues that default was appropriate because the defendants failed to answer, Fed.R.Civ.P. 12(b) allows a number of defenses, including failure to state a claim upon which relief can be granted, to be made by motion. Fed.R.Civ.P. 12(b). Such a motion alters the time in which an answer is due until after the district court denies the motion or postpones its disposition. See Fed.R.Civ.P. 12(a)(4)(A). Because the defendants filed a motion to dismiss asserting, inter alia, failure to state a claim upon which relief can be granted, the defendants were not required to file an answer until the district court disposed of their motion. Id. Thus, the district court did not abuse its discretion by denying Lockwood's motions for default due to the defendants' failure to file an answer.

### III. Dismissal

We review de novo the district court's dismissal of a compliant for failure to state a claim upon which relief can be granted, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Fin. Sec. Assurance, Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006). However, we do not reach the merits of the district court's decision regarding the release because we hold that the district court failed to follow the proper procedure

6

in ruling on the defendants' motion to dismiss.

As a general rule, "[w]henever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002); Fed.R.Civ.P. 12(b); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). "When that conversion occurs, the district court must comply with the requirements of Rule 56. The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." Trustmark, 299 F.3d at 1267 (citations omitted). "[W]e are compelled by our own precedents to note sua sponte that the court below failed to adhere to the dictates of Fed.R.Civ.P. 56(c) . . . ." Griffith v. Wainwright, 772 F.2d 822, 824 (11th Cir. 1985). We have "consistently enforced the strict notice requirements of Rules 12(b) and 56, creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990) (emphasis in original).

In dismissing the case, the district court considered the copy of the $500 advance payment check and Gentle's affidavit explaining the release language,

7

which were attached to the defendants' motion to dismiss. By doing so, the defendants' motion was converted into a motion for summary judgment under Rule 12(b). See Jones, 917 F.2d at 1532. The district court, however, failed to give Lockwood notice of the conversion and an opportunity to supplement the record.

We have recognized an exception to the conversion and notice rules where "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Fin. Sec. Assurance, 450 F.3d at 1264. As to whether a document is central to the plaintiff's case, in Financial Security Assurance, we considered whether the plaintiff would have to offer the document to prove his case. Id. A document is undisputed if its authenticity is not challenged. Day, 400 F.3d at 1276. In addition, conversion without notice is harmless if the record shows that the parties understood that conversion would take place and made all arguments and submitted all of the documents they would have submitted with sufficient notice. Denis v. Liberty Mut. Ins. Co., 791 F.2d 846, 850 (11th Cir. 1986). Neither situation is present in this case. The check and its release language do not need to be offered by Lockwood in order to prove his case; they are relevant to the defendants' affirmative defense. Both in his motion for reconsideration before the district court and in his briefs on appeal, Lockwood has disputed the

existence of the release language on the check, including making assertions that the copy presented by the defendants was altered or a forgery. In addition, the record does not show that Lockwood understood that conversion would take place.

In light of the foregoing, we affirm the district court's denial of Lockwood's motions for a default judgment, but vacate the district court's order of dismissal and remand for further proceedings consistent with this opinion.[1]

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

---

[1] Because the district court never addressed the merits of any of Lockwood's motions for summary judgment, we decline to consider the propriety of summary judgment in Lockwood's favor in the first instance.