Jaki **BAEZ**, Plaintiff,

v.

**SPECIALIZED LOAN SERVICING, LLC**, Defendant

**CASE NO. 15-81676-CIV-MARRA**

United States District Court,
S.D. Florida.

Signed October 24, 2016

Filed October 25, 2016

Brian Keith Korte, Korte and Wortman PA, West Palm Beach, FL, for Plaintiff

J Kirby McDonough, Quarles and Brady, LLP, Tampa, FL, for Defendant

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS**

KENNETH A. MARRA, United States District Judge

This cause is before the Court upon Plaintiff Jaki Baez's Motion for Summary Judgment (DE 25); Defendant Specialized Loan Servicing, LLC's Motion for Summary Judgment (DE 27) and Defendant Specialized Loan Servicing, LLC's Motion for Entry of Rule 11 Sanctions against Plaintiff and Her Attorney (DE 32). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background [1]

The facts, as culled from affidavits, exhibits, depositions, answers, answers to in-

---

1. In violation of Rule 56.1 of the Local Rules    of the Southern District of Florida, Plaintiff

terrogatories and, for the purpose of these summary judgment motions, are as follows:

Defendant Specialized Loan Servicing, LLC ("Defendant") services a loan secured by a mortgage on Plaintiff Jaki Baez's ("Plaintiff") residence located at 7500 NW 71 Avenue, Tamarac, Florida 33321. (Compl. ¶ 8, DE 1; Mortgage, Ex. 2, DE 26-3.) On September 18, 2015, Plaintiff's attorney sent Defendant a Request for Information ("RFI") and demanded that the response be sent directly to the attorney's office.[2] (Sept. 18, 2015 letter, Ex. 1, DE 26-1.) On September 22, 2015, Defendant sent Plaintiff's attorney a letter acknowledging receipt of the RFI. (Sept. 22, 2015 letter, Ex. 3, DE 26-4.) On October 20, 2015, Defendant sent Plaintiff's attorney a written response to the RFI. (Oct. 20, 2015 letter, Ex. 4, DE 26-5.)

Plaintiff testified in this case that she first hired an attorney in 2012 to help with a loan modification. In 2014, she hired the attorney representing her in the instant case to help with a subsequent loan modification and foreclosure litigation. (Baez Dep. 7, 19, DE 26-1.) Plaintiff has been paying this attorney $400.00 a month the entire time of the representation. (Baez Dep. 17-19.) The attorney did not ask for more money when he reviewed the RFI for Plaintiff. (Baez Dep. 39.)

The one-count Complaint brings a claim pursuant section 2605(k) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., for a violation of 12 C.F.R. § 1024.36. Defendant moves for summary judgment and argues that Plaintiff did not incur actual damages as a result of the RESPA violation. Defendant also contends that Plaintiff's RFI falls outside the protections of RESPA because Plaintiff's RFI did not request information relating to the servicing of the

---

failed to supply both a statement of material facts in support of her motion for summary judgment and in opposition to Defendant's motion for summary judgment.

**2.** This letter requested the following:

1. All correspondence between your company, subsidiaries, servicers attached to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
2. All five (5) day letters between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
3. All thirty (30) day letters between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
4. All letter explaining the right to appeal the denial of the modification (if applicable) between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
5. All system notes/logs that show the receipt of the loss mitigation submission and that reflect all responses sent to the borrower from January 10, 2014, through to the present.
6. A current pay off statement.
7. Copies of all Notice of Service transfers that were sent to the borrower and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the notice was sent.

(Sept. 18, 2015 letter).

loan. Plaintiff moves for summary judgment, claiming that Defendant was not responsive within the required thirty days. Additionally, Plaintiff claims that the damages sought are allowable under RESPA and that, despite Defendant's affirmative defense that the RFI was vague, the RFI was adequate.

## II. Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249–50, 106 S.Ct. 2505.

## III. Summary Judgment Motion

To state a claim under RESPA for failure to respond properly to a request for information, "a plaintiff must allege: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent [the request] consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages." Correa v. BAC Home Loans Servicing, LP, No. 6:11–cv–1197–Orl–22DA, 2012 WL 1176701, at * 6 (M.D. Fla. Apr. 9, 2012). With respect to actual damages, the statute provides that an individual may recover "an amount equal of the sum of any

actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f).

The Complaint alleges damages of "other related costs including attorney's fees associated with the review of Defendant's insufficient response."[3] (Compl. ¶ 21, DE 1-2.) Defendant argues that because Plaintiff retained her attorney for foreclosure and loan modification purposes, and not to address the allegedly insufficient response to the RFI, Plaintiff did not incur any additional fees or costs as a result of her attorney's response to the RFI. (Reply at 5.)

The Court begins its analysis of this argument by examining what the term "actual damages" means. The statute does not define the term "actual damages." 12 U.S.C. § 2602. On the other hand, Black's Law Dictionary defines "actual damages" as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses—[a]lso termed compensatory damages; tangible damages; real damages." "Compensatory damages" are "[d]amages sufficient in amount to indemnify the injured person for the loss suffered." Black's Law Dictionary (10th ed. 2014).

Courts in this district have found "actual damages" for photocopying costs, postage costs, and reasonable attorney's fees incurred after a incomplete or insufficient response to a RFI, time away from employment while preparing correspondence to the loan servicer, late fees, and denial of credit or denial of access to a full amount of credit line. See Miranda v. Ocwen Loan Servicing, LLC, 148 F.Supp.3d 1349, 1355 (S.D. Fla. 2015); Lage v. Ocwen Loan Servicing, LLC, 145 F.Supp.3d 1172, 1193–94 (S.D. Fla. 2015); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1372 (S.D. Fla. 2009).

Here, the Court concludes that "actual damages" under RESPA includes all provable injuries that are a result of Defendant's failure to respond properly to the RFI. Based on this definition, the Court agrees with Defendant that Plaintiff has not incurred any additional fees or costs as a result of her attorney's response to the RFI. This is so because Plaintiff retained her attorney for foreclosure and loan modification purposes, and previously agreed to a fixed monthly fee for the attorney's services. There is no record evidence that Plaintiff is obligated to pay her attorney any additional fees as a result of an insufficient response to the RFI. Hence, Plaintiff has not incurred "actual damages."

Plaintiff, however, argues that this line of reasoning is at odds with Renfroe v. Nationstar Mortgage, LLC, 822 F.3d 1241 (11th Cir. 2016). There, the Eleventh Circuit held that the plaintiff sufficiently alleged actual damages by pleading that the servicer failed to refund her mortgage overpayments when it failed to respond properly to the notice of error indicating it was overcharging the plaintiff, even when the overpayments were made before the plaintiff sent the notice of error. Id. at 1245–47.

The facts of Renfroe differ significantly from the instant case. In Renfroe, the

---

**3.** To the extent Plaintiff attempts to revive the $4.70 postage costs that she incurred in sending the initial RFI as actual damages, the Court previously dismissed this as a basis for actual damages. (DE 12). In that Order, the Court held, as a matter of law, that the postage costs were not actual damages because they were incurred before any RESPA violation had occurred. (DE 12.) Plaintiff's motion for summary judgment does not point to record evidence that shows the postage was incurred after the alleged RESPA violation. Likewise, to the extent Plaintiff claims damages relating to the allegedly insufficient response to the RFI, Plaintiff has not pointed to record evidence that shows how she was damaged by this response.

servicer's failure to respond properly caused the plaintiff damage. Indeed, the Renfroe Court recognized that a notice of error "triggers present RESPA obligations with respect to past error" and "makes past errors current by requiring servicers to fix errors they find upon reasonable investigation." Id. at 1246. In the instant case, Plaintiff does not challenge any past errors. Instead, Plaintiff claims damages arose from her attorney reviewing the RFI. Significantly, the record evidence shows that Plaintiff never paid her attorney any additional monies for reviewing the RFI.[4] Nor is she obligated to pay anything in addition to the $400.00 per month she previously contracted to pay him. Thus, as a matter of law, there are no actual damages resulting from Defendant's alleged violations of RESPA. Given that damages are an essential element of a RESPA claim, Plaintiff's RESPA claim cannot stand.[5] Id.

Accordingly, summary judgment is granted for Defendant and denied for Plaintiff.

## IV. Sanctions Motion

██ Defendant seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure for "filing a Complaint and prosecuting claims that are frivolous and harassing." (DE 32 at 1.) Although the Court has found in favor of Defendant in the summary judgment motion, the Court concludes the claims pursued by Plaintiff were not frivolous or brought for an improper purpose. While the Court disagreed that actual damages could be incurred in the scenario wherein an attorney has been on retainer prior to the RESPA violation, actual damages are not defined in the statute and there is a lack of developed case law with respect to this issue. See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida, 827 F.2d 1454, 1458 (11th Cir. 1987) ("Rule 11 is intended to deter frivolous suits, not to deter novel legal arguments or cases of first impression."). With respect to the remaining arguments made by Defendant in support of the Rule 11 motion, the Court finds them unpersuasive. As such, the motion for sanctions is denied.

## V. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

4. This scenario can be compared to those cases wherein courts have held that costs associated with preparing an initial request for information cannot serve as a basis for actual damages because, at the time the expense are incurred, there has been no RESPA violation. See, e.g., Miranda, 148 F.Supp.3d at 1355; Long v. Residential Credit Solutions, Inc., Case No. 9:15–CV–80590, 2015 WL 4983507, at *1 (S.D. Fla. Aug. 21, 2015); Lage, 145 F.Supp.3d at 1197.

5. Plaintiff wishes the Court to construe the claim as brought pursuant to 12 C.F.R. 1024.41, not just 12 C.F.R. § 1024.36. Notably, section 1024.36 sets requirements and deadlines for a servicer's response and defines an RFI as request for information relating to the servicing of the loan whereas section 1024.41 sets different requirements and deadlines for a servicer's response to a loan modification. Bracco v. PNC Mortgage, No. 8:16–cv–1640–T–33TBM, 2016 WL 4507925, at *4 (M.D. Fla. Aug. 29, 2016). It appears Plaintiff makes this argument because Plaintiff's September 18, 2015 letter to Defendant requests information regarding loan modifications and mitigation procedures, not servicing. See Hudgins v. Seterus, 192 F.Supp.3d 1343, 1351, 2016 WL 3636859, at *6 (S.D. Fla. June 28, 2016) (finding identical letter did not relate to servicing and related instead to loan servicing). Plaintiff, however, did not bring a section 1024.41 claim and the Court cannot read in a claim asserted for the first time at the summary judgment stage. In any event, even if the Court were to do so, it would not change the fact that the record evidence shows that Plaintiff did not suffer actual damages.

1) Plaintiff's Motion for Summary Judgment (DE 25) is **DENIED.**

2) Defendant's Motion for Summary Judgment (DE 27) is **GRANTED.**

3) Defendant's Motion for Entry of Rule 11 Sanctions against Plaintiff and Her Attorney (DE 32) is **DENIED.**

4) The Court shall separately enter judgment for Defendant.

5) The Clerks shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this October 24, 2016.