Carlo DITTO, Plaintiff,

v.

**JPMORGAN CHASE BANK, N.A., Defendant.**

CASE NO. 16-81017–CIV–ZLOCH

United States District Court, S.D. Florida.

Signed 01/17/2017

Brian Keith Korte, Korte and Wortman PA, West Palm Beach, FL, for Plaintiff.

Alec Huff Schultz, Leon Cosgrove LLC, Brendan I. Herbert, Leon Cosgrove, Coral Gables, FL, for Defendant.

## ORDER

WILLIAM J. ZLOCH, United States District Judge

THIS MATTER is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion To Dismiss Plaintiff's Com-

plaint (DE 13). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

The single, dispositive question of law before the Court concerns a mortgage servicer's obligations under the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulations. According to the Complaint (DE 1–1), Defendant is a mortgage servicer that services the loan obligation secured by a mortgage on Plaintiff's property. On April 1, 2016, Plaintiff mailed Defendant a written request for information ("RFI") regarding Plaintiff's mortgage. Plaintiff asserts two claims pursuant to RESPA premised upon Defendant's response to Plaintiff's RFI. Count I alleges that Defendant failed adequately to respond to the RFI, resulting in actual damage to Plaintiff, and Count II alleges that Defendant maintains a pattern or practice of violating RESPA. Defendant now moves to dismiss both Counts for failure to state a claim, arguing that it had no legal obligation to respond to Plaintiff's RFI.

Under Fed. R. Civ. P. 8(a), a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has explained that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, in order to defeat a motion to dismiss, a complaint must allege facts which render its legal claims facially plausible. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facial plausibility is achieved when the district court can reasonably infer from the facts that the defendant is liable for the alleged wrongdoing. Iqbal, 129 S.Ct. at 1949.

The provision of RESPA pertinent to this case governs "servicing of mortgage loan and administration of escrow accounts." 12 U.S.C. § 2605(k)(1)(E). Section 2605 further provides that "A servicer of a federally regulated mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. 2605(k)(1)(E). One such obligation, Regulation X, requires that a "servicer must comply with the requirements of paragraph (d)(1)" no later "than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request." 12 C.F.R. § 1024.36(d)(2)(i)(B). In turn, paragraph (d)(1) requires servicers to respond to an RFI by:

> (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
>
> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.36(d)(1). Persons aggrieved by a violation of § 2605 of RESPA may recover "(A) any actual damages to the borrower as a result of the failure; and (B) any additional [statutory] damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an

amount not to exceed $1,000.00." 12 U.S.C. § 2605(f)(1).

■ To state a claim under RESPA for insufficient response to an RFI, a party must sufficiently allege: "(1) Defendant is a loan servicer; (2) Defendant received a QWR [qualified written request) from Plaintiff; (3) the QWR relates to servicing of [a] mortgage loan; (4) Defendant failed to respond adequately; and (5) Plaintiff is entitled to actual or statutory damages." Porciello v. Bank of Am., N.A., No. 14–1511–CIV, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015) (emphasis added); see also Wesner v. Ocwen Loan Serv., LLC, No. 16–81476–CIV (S.D. Fla. Nov. 14, 2016); Hudgins v. Seterus, Inc. 16–80338–CIV, 192 F.Supp.3d 1343, 2016 WL 3636859 (S.D. Fla. Jun. 28, 2016); Miranda v. Ocwen Loan Serv., LLC, 148 F.Supp.3d 1349, 1354 (S.D. Fla. 2015). Section 1024.36 states that a "qualified written request [QWR] that requests information relating to the servicing of the mortgage loan is a request for information [RFI] for purposes of this section. ..." 12 C.F.R. § 1024.36(a). The Parties' dispute turns on whether Plaintiff's RFI relates to the servicing of a mortgage loan.

■ Plaintiff's RFI sought fifteen categories of information.[1] As has become clear from his Response In Opposition To The Motion To Dismiss (DE 16), Plaintiff's claims take issue only with Defendant's response to four categories identified in Plaintiff's RFI:

1. All correspondence from your Company, any subsidiaries or prior servicers for this Loan following any loss mitiga-

tion applications/submissions related to this Loan which were sent to the borrower from January 10, 2014 to present.

2. All correspondence from your Company, any subsidiaries or prior servicers for this Loan related to borrowers' rights to appeal denials of loan modification which were sent to the borrower from January 10, 2014 to present.

3. Please provide a letter log or communications log that would show the dates you responded to correspondences regarding the loss mitigation application/submission.

4. What was the date the loss mitigation application/submission was deemed complete?

DE 1–1, at 12. The Parties agree that these requests are for information pertaining to loan modification. For purposes of the instant Motion (DE 13), Defendant concedes that it did not provide information responsive to these requests, but contends that requests for information relating to loan modification do not relate to the servicing of a mortgage loan, and hence that no response was required by law.

■ RESPA defines "servicing" to mean:

receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as

---

1. The Court notes that the categories of information requested in the RFI attached to the Complaint, see DE 1–1, at 12, are fundamentally different from those identified in paragraph 16 of the Complaint. By way of his Response In Opposition To The Motion To Dismiss (DE 16), Plaintiff agrees that the RFI attached to the Complaint (DE 1) accurately reflects the information Plaintiff requested, and thus tacitly concedes that the allegations set forth in paragraph 16 of the Complaint (DE 1) do not. The Court reminds counsel for Plaintiff of the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure, which require that factual allegations in pleadings presented to this Court have evidentiary support.

may be required pursuant to the terms of the loan. 12 U.S.C. § 2605(i)(3). Stated differently, "[i]nformation 'related to loan servicing' includes 'information about the receipt of periodic payments or the amounts of such payments." Hudgins, 16–80338–CIV, —— F.Supp.3d at —— (S.D. Fla. Jun. 28, 2016) (quoting Richardson v. Rosenberg & Associates LLC, 2014 WL 823655, at *8 (D. Md. Feb. 27, 2014)). Consistent with that definition of "servicing," courts have routinely held that requests relating to loan modification do not related to loan servicing within the meaning of § 2605 of RESPA. E.g., id.; Wesner, No. 16–81476–CIV (S.D. Fla. Nov. 14, 2016); Smallwood v. Bank of Am., N.A., 2015 WL 7736876, at *6 (S.D. Ohio Dec. 1, 2015); Bullock v. Ocwen Loan Serv., LLC, 2015 WL 5008773, at *10 (D. Md. Aug. 20, 2015). The Court agrees with the reasoning and conclusions of these cases and holds that a request for loan modification information does not trigger an obligation to respond by operation of 12 C.F.R. § 1024.36(d)(2)(i)(B) and 12 U.S.C. § 2605(k)(1)(E). Accordingly, Count 1 of Plaintiff's Complaint (DE 1) fails to state a claim upon which relief can be granted. And because Count I of the Complaint (DE 1) fails as a matter of law, Count II necessarily fails as well. See Wesner, No. 16–81476–CIV (S.D. Fla. Nov. 14, 2016) (citing Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1246 (11th Cir. 2016), and concluding that where a claim for actual damages under RESPA fails, a pattern or practice claim necessary fails as well).[2]

---

2. Count II also fails for an independent reason. Plaintiff incorporated each of the allegations in Count I into Count II—a classic example of shotgun pleading. See DE 1–1, ¶ 33. The Eleventh Circuit has repeatedly criticized this form of pleading as "an abusive litigation tactic." Byrne v Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001); see also Frantz v. Walled, 513 Fed.Appx. 815, 820 (11th Cir. 2013);

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant JPMorgan Chase Bank, N.A.'s Motion To Dismiss Plaintiff's Complaint (DE 13) be and the same is hereby **GRANTED;** and

2. Plaintiff's Complaint (DE 1) be and the same is hereby **DISMISSED** without prejudice. Plaintiff shall have until noon on Thursday, January 26, 2017, to file an Amended Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of January, 2017.

Sikes v. Teleline, Inc., 281 F.3d 1350, 1356 n. 9 (11th Cir. 2002). Even if Count II could survive in the absence of Count I, the Court would nevertheless be required to dismiss Count II without prejudice as an improper shotgun pleading. See Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).